United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ceneca Valdez, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-20647-Civ-Scola |
| Miami-Dade County, Defendant. | ) |
| | ) |

### **Opinion Order on Motion to Dismiss**

Plaintiff Ceneca Valdez ("Valdez") brings this lawsuit for alleged violations of Federal and Florida law stemming from her employment and termination by Defendant Miami-Dade County (the "County"). Now before the Court is a motion to dismiss (the "Motion," ECF No. 7) filed by the County directed at two of the five claims asserted in the amended complaint, (ECF No. 4). Having considered the parties' submissions, the record and the applicable law, the Motion (**ECF No. 7**) is **granted in part** and **denied in part** as follows.

1. **Factual Background**

Valdez is a female counselor who was employed by the County from July 2016 through July 21, 2017. (ECF No. 4 at ¶¶ 3, 10.) The County operates four jails, all of which house male inmates. (*Id.* at ¶¶ 8, 9.) Valdez worked as a counselor at two of these facilities, the Pre-Trial Detention Center and the Turner Guilford Knight Correctional Center. (*Id.* at ¶¶ 8, 11.)

Throughout her employment with the County, Valdez was subjected to "daily face-to-face personal contact with male inmates." (*Id.* at ¶ 13.) These inmates would sexually harass Valdez by "exposing their genitals and masturbating at [her], commonly referred to as 'gunning,'" as well as by making "sexually vulgar comments and gestures." (*Id.* at ¶¶ 14, 15.) "Despite a safer alternative path, [Valdez] was required to walk around the narrow perimeter of the cells in close proximity to the male inmates, which exacerbated the issues." (*Id.* at ¶ 19.) The County also failed to "timely provide [Valdez] with a radio, walkie-talkie, or panic button, which would have helped keep [Valdez] safe" and "calm [her] fears and safety concerns while walking near the male inmate cells." (*Id.* at ¶ 21.)

The County "has written policies in place to combat the harassing behavior by the male inmates." (*Id.* at ¶ 24.) But "reporting masturbations and sexual harassment" under those policies "was strongly discouraged by [Valdez's] superiors." (*Id.* at ¶ 26.) Moreover, female staff, including Valdez, were not

trained "in how to address gunning" by inmates. (*Id.* at ¶ 27.) "'Gunning' significantly interfered with [Valdez's] job performance by distracting, embarrassing, frightening, and humiliating [her], while she was attempting to perform the duties and responsibilities of her position." (*Id.* at ¶ 29.)

On those allegations, Valdez filed this lawsuit against the County, and now asserts five claims under: (1) Title VII of the Civil Rights Act for sexual harassment, (*id.* at ¶¶ 36-44); (2) Florida's Civil Rights Act of 1992 for sexual harassment, (*id.* at ¶¶ 45-53); (3) 42 U.S.C. § 1983 based on a *Monell* theory for violations of Valdez's "right to be free from sexual discrimination and harassment under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution," ("Count III," *id.* at ¶¶ 54-57); (4) Title VII of the Civil Rights Act for retaliation, (*id.* at ¶¶ 58-67); and (5) Florida's Whistleblower Act applicable to the private sector, § 448.102, Fla. Stat., ("Count V," *id.* at ¶¶ 68-71).

The County moves to dismiss Counts III and V. (ECF No. 4.) Specifically, the County argues that Valdez fails to state a *Monell* claim under section 1983 because she "has not alleged sufficient factual allegations to demonstrate a Miami-Dade County policy or custom." (ECF No. 7 at p. 2.) As to Count V, the County argues that that claim is time-barred and, in any event, applicable only to private entities, which the County is not. (*Id.* at pp. 2-3; ECF No. 9 at n.1.) Valdez filed a response brief (ECF No. 8) to which the County replied (ECF No. 9).

## 2. **Legal Standard**

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

The County moves to dismiss Count III under section 1983 and Count V under Florida's Whistleblower Act. The Court will address each argument in turn.

According to the County, Count III should be dismissed because "Valdez has not alleged sufficient factual allegations to demonstrate a Miami-Dade County policy or custom," as is required to state a claim under section 1983 on *Monell* theory of liability. (ECF No. 7 at p. 2.) The County appears to imply that Valdez has not alleged a "persistent and widespread practice" that would satisfy this standard. (*Id.*) In response, Valdez argues that the Motion is "devoid of any specificity to support the Defendant's position," (ECF No. 8), and nonetheless cites paragraph 55 of the Amended Complaint which alleges various ways that the County's "pattern of conduct in response to the gunning of" Valdez and other female staff "constitutes a custom of the [County] within the meaning of 42 U.S.C. § 1983." (ECF No. 4 at ¶ 55.) The Court agrees with Valdez that the County did not sufficiently develop this argument in its Motion and that Count III states a claim for relief. The County may renew this argument at summary judgment.

As for Count V, the County seeks dismissal of that claim arguing that Valdez improperly seeks relief against the County under Florida's Whistleblower Act applicable to private entities, Fla. Stat. § 448.102. (ECF No. 9 at n.1.) The Court agrees. Section 448.102 is only applicable to private sector employers. *Arrow Air, Inc. v. Walsh,* 645 So. 2d 422, 423 (Fla. 1994) ("The private sector Whistle-Blower's Act . . . prohibits private sector employers from taking retaliatory personnel action against employees who 'blow the whistle' on employers who violate the law or against employees who refuse to participate in violations of the law and provides employees a civil cause of action for such retaliation." (citing §§ 448.101-.105, Fla. Stat. (1993))). The County is a public entity not subject to section 448.102. Count V therefore fails to state a claim and is dismissed with prejudice. To the extent Valdez believes she has a colorable—and timely—claim for relief under the whistle blower act applicable to the public sector, *see* § 112.3187, Fla. Stat., she must promptly seek leave to file a second amended complaint.

### 4. Conclusion

In sum, the Motion (**ECF No. 7**) is **granted in part** and **denied in part**. Count V is dismissed with prejudice. The County shall answer the amended complaint within the time permitted under the Federal Rules of Civil Procedure. Within 10 days of the date of this order, the parties shall also submit their joint scheduling report, as the Court previously ordered. (*See* ECF No. 5.)

**Done and ordered**, in Chambers, at Miami, Florida on July 31, 2019.

_____
Robert N. Scola, Jr.
United States District Judge