United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ceneca Valdez, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-20647-Civ-Scola |
| ) | |
| Miami-Dade County, Defendant. ) | |
| ) | |

**Order On Defendant's Motion For Reconsideration**

    This matter is before the Court on the Plaintiff Ceneca Valdez's motion for reconsideration of the Court's Order granting summary judgment in favor of the Defendant (Order, ECF No. 35; Plaintiff's Motion, ECF No. 40). The Defendant responded to the motion. The Plaintiff filed no reply in support of her motion, and the time to do so has passed. Having considered the motion, the response, the record, and the relevant legal authorities, the Court **denies** the Plaintiff's motion (**ECF No. 40**).

    The decision to grant or deny a motion for reconsideration is committed to the Court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, No. 04-20520, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.). The Court denies the motion because it rehashes arguments that were already raised and rejected.

    The Court previously determined that the undisputed facts show that the County is not liable for sexual harassment and did not retaliate against Valdez. In its order, the Court explained that allegations from Valdez's Complaint are not sufficient to create a dispute of fact and survive summary judgment. (ECF No.

35 at 7-8.) Nevertheless, in Valdez's motion for reconsideration, she continually cites to the allegations in her Complaint to purportedly demonstrate that the Court incorrectly granted the County's motion for summary judgment. Again, allegations alone are insufficient at this stage, and to defeat summary judgment, Valdez must have gone beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

The only new evidence that Valdez cites is the Affidavit of Gregory Rollins, dated July 1, 2017. (ECF No. 40-3.) This affidavit, signed nearly three years before Valdez responded to the County's motion, is not new evidence. "Where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the case." *M.G. v. St. Lucia County Sch. Bd.*, 741 F.3d 1260, 1262 (11th Cir. 2014). Therefore, the Court cannot now properly consider the three-year-old affidavit for the first time.

In short, because Valdez's motion merely rehashes old arguments and urges the Court to rethink its prior decision, the Court **denies** the Plaintiff's motion (**ECF No. 40**.)

**Done and ordered** at Miami, Florida, on June 30, 2020.

_____
Robert N. Scola, Jr.
United States District Judge